

FILED

JUL 2 1 2008

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DOUGLAS ANTRUM, #347496

              Petitioner,

v.                                                          2:07CV552

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

              Respondent.


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.   STATEMENT OF THE CASE

#### A.   Background

On July 11, 2005, in the Circuit Court for the City of Virginia Beach, Virginia, petitioner was convicted of carjacking and was sentenced to twenty-two years imprisonment. Petitioner appealed to the Virginia Court of Appeals, but on March 23, 2006, the appeal was denied by a single judge, and on July 7, 2006, the decision was upheld by a three-judge panel. Petitioner then appealed to the Supreme Court of Virginia, which refused the appeal on November 7, 2006.

On November 19, 2007, petitioner filed a petition for writ of habeas corpus in this Court, and on January 3, 2008, respondent filed a motion to dismiss and Rule 5 answer. This matter is now ripe for consideration.

#### B.   Grounds Alleged

Petitioner alleges the following grounds:

1.   The evidence was insufficient to support petitioner's conviction;

2.   The trial court erred in refusing to allow petitioner to introduce his mental health records; and

3.   Petitioner's trial counsel was ineffective for failing to:

    a.   call key witnesses,

    b.   present an insanity defense, as requested; and

    c.   aggressively question the victim.

## II.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.   Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

## B. Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### D. Claims 1 and 3(a), (b), and (c) are Simultaneously Exhausted and Procedurally Defaulted.

Under Virginia law, a claim included in a petition for habeas corpus will be barred if an objection was not raised at trial and the objection presented on direct appeal. In <u>Coppola v. Warden of Virginia State Penitentiary</u>, 282 S.E.2d 10 (Va. 1981), the Supreme Court of Virginia held that to preserve an issue for appeal and for a habeas corpus proceeding, the issue must be timely objected to at trial. Rule 5:25 of the Supreme Court of Virginia states the contemporaneous objection rule:

> Error will not be sustained to any ruling of the trial court or the commission before which the case was initially tried unless the objection was stated with reasonable certainty at the time of the ruling
> . . . .

Va. S.Ct. R. 5:25.

The Supreme Court has stated that: "Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding." <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986). The Fourth Circuit has held that if a claim is procedurally barred in Virginia courts because it was not brought on direct appeal, it will also be barred in the federal system. <u>Bassette v. Thompson</u>, 915 F.2d 932 (4th Cir. 1990).[1] In <u>Whitley v. Bair</u>, 802 F.2d 1487 (4th Cir. 1986), the court held that the failure of an inmate to directly appeal his conviction to the Supreme Court deprives

> the Virginia Supreme Court of the opportunity to rule on the merits of his claims. We consider such failure to constitute a violation of the requirements of Rule 5:21, which applies to appeals

---

[1] The court in <u>Bassette</u> relied on section 8.01-654(B)(2) of the Virginia Code. <u>Bassette</u>, 915 F.2d at 936. Section 654(B)(2) states: "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." VA. CODE ANN. § 8.01-654 (B)(2)(Michie 1992).

> of all Virginia cases, civil or criminal, and
> conclude that such violation constitutes a
> procedural default sufficient to preclude federal
> court review of the merits . . . .

Id. at 1502 (citing Va. S.Ct. R. 5:21, repealed and reinstated in substantially similar form as, Va. S.Ct. R. 5:17, 5:25). In Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), the Virginia Supreme Court stated a similar proposition: "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error." The Supreme Court of the United States recently addressed the same issue in Coleman v. Thompson, 501 U.S. 722 (1991). The Court held that the doctrine of procedural default will bar a federal habeas petition when a prisoner fails to meet a state procedural requirement. Id. at 750. Speaking for the Court, Justice O'Connor said:

> We now make it explicit: In all cases in which
> a state prisoner has defaulted his federal claims
> in state court pursuant to an independent and
> adequate state procedural rule, federal habeas
> review of the claims is barred unless the prisoner
> can demonstrate cause for the default and actual
> prejudice as a result of the alleged violation of
> federal law, or demonstrate that failure to
> consider the claims will result in a fundamental
> miscarriage of justice. . . . We now recognize the
> important interest in finality served by state
> procedural rules, and the significant harm to the
> States that results from the failure of federal
> courts to respect them.

Id. at 750.

Moreover, the federal court is required to dismiss a procedurally defaulted claim absent a showing of justifiable cause resulting in actual prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). Petitioner has not made a showing of justifiable cause for his failure to appeal the aforementioned issues to the Court of Appeals and the

Supreme Court of Virginia. Therefore, the issue of actual prejudice need not be addressed.

Petitioner alleges that the evidence was insufficient to support his conviction, (Claim 1); and that his counsel was ineffective for failing to: (1) call key witnesses, (Claim 3(a); (2) present an insanity defense, (Claim 3(b)); and aggressively question the victim, (Claim 3(c)). Petitioner has not properly presented either of the claims to the state courts, and therefore, petitioner has not adequately exhausted the claims. However, if petitioner attempted to present the claims to the proper state court at this point, he would be barred from doing so under section 8.01-654 (A)(2), of the Virginia Code. Thus, the claims are simultaneously exhausted and procedurally defaulted for purposes of federal review and should be DISMISSED.

### E. Claim 2 is Without Merit.

Petitioner alleges the trial court erred in refusing to allow the introduction of petitioner's mental health records, (Claim 2). Petitioner presented the claim to the Virginia Court of Appeals on direct appeal, and the court found that the trial court did not err in refusing to admit the records. Relying on Stamper v. Commonwealth, 324 S.E.2d 682 (Va. 1985), the court noted that absent an insanity plea, a defendant's mental state is "irrelevant to the issue of guilt." Petitioner appealed the issue in the Supreme Court of Virginia, which refused the appeal without an opinion. According to Ylst v. Nunnemaker, 501 U.S 797 (1991), this Court must infer that the Supreme Court of Virginia, in refusing petitioner's appeal without an explanatory opinion, relied on the reasoning of the Court of Appeals.

A state court determination of the merits is given a high measure of deference by federal courts reviewing habeas petitions. Pursuant to 28 U.S.C. § 2254(d), a habeas petition will not be granted

after a state court adjudicates the merits, unless the state court either unreasonably applied federal law or made an unreasonable determination in light of the facts presented. Further, "'a determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'" Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003)(citing 28 U.S.C. § 2254(e)(1)).

In petitioner's case, the reliance on Stamper by the Virginia Court of Appeals was not unreasonable. In Stamper, the Supreme Court of Virginia held that a trial court did not err in excluding mental health evidence during the guilt phase of trial where the defendant did not plead insanity. Similarly, petitioner did not plead insanity, and therefore, the Court of Appeals found he was not entitled to introduce evidence of mental health. Based on 28 U.S.C. § 2254(d), the Court finds no reason to controvert the finding of the state court. Further, petitioner has not offered the "clear and convincing evidence" required to rebut the presumption in favor of the state court's decision. Tucker, 350 F.3d at 439. The claim is without merit and should be DISMISSED.

## III.   RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

## IV.   REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

_____/s/_____

James E. Bradberry
United States Magistrate Judge

Norfolk, Virginia

July 21, 2008

Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:

> Bryan J. Waldron, Esq.
> Butler Legal Group, PLLP
> 818 18th Street NW, 10th Fl.

Washington, DC 20006

Karen Misbach, Esq.
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA   23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

_July 21_____, 2008